IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1998 SESSION

FILED

June 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9705-CC-00190 |
| | ) | |
| Appellee, | ) | BLOUNT COUNTY |
| | ) | |
| VS. | ) | No. C-9610  Below |
| | ) | |
| BILLY SLAUGHTER, | ) | HON. PHYLLIS MILLER, |
| | ) | JUDGE BY INTERCHANGE |
| Appellant. | ) | |

ORDER

The defendant, Billy Slaughter, was convicted by a Blount County jury of reckless endangerment with a deadly weapon, a Class E felony.  The trial court sentenced him as a Range I offender to one (1) year, with all but ten (10) days suspended, and ordered that defendant serve two (2) years on probation.  On appeal, defendant contends that the trial court erred in denying full probation.  We find no error and affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

I

Defendant was driving to his mother's home when his vehicle slid into a ditch due to snow and ice on the ground.  A companion and the victim, Timothy Self, stopped to give assistance. After Self and his companion pulled defendant's vehicle out of the ditch and onto the road, defendant's vehicle slipped on the ice and drifted into a telephone pole, causing damage to the vehicle.  An argument ensued, and defendant hit Self with a "bumper jack," breaking Self's arm.[1]  At trial, defendant claimed that Self brandished a gun, and he was merely defending himself.

---

[1] The victim raised his arm above his head in order to shield himself from defendant's blows.

Defendant was charged with aggravated assault, but the jury convicted him of the lesser offense of felony reckless endangerment.

At the sentencing hearing, defendant testified that he was twenty-four (24) years old, was married and had a four-year old son. He never completed high school or obtained his GED. He worked part-time doing repair work at a tennis court facility. He reported occasional alcohol use and had used marijuana in the past. He maintained that the victim had a weapon during the altercation.

The trial court sentenced defendant as a Range I offender to one (1) year. In determining whether an alternative sentence would be appropriate, the trial court noted defendant's poor social and work history. The court found that defendant was less than candid in his insistence that the victim was carrying a gun. Furthermore, the trial court determined that a period of incarceration was necessary to avoid depreciating the seriousness of the offense. Therefore, the trial court suspended defendant's sentence, with the exception of ten (10) days, and ordered that defendant serve two (2) years on supervised probation. From the trial court's judgment, defendant brings this appeal.

## II

We agree with the trial court that a period of incarceration is necessary to avoid depreciating the seriousness of the offense. During a verbal argument, defendant struck the victim with a "bummer jack," breaking the victim's arm. The victim's injuries could have been much more serious, possibly resulting in death, had he not lifted his arm above his head in self-defense. Furthermore, the trial court found that defendant was not truthful in his claims that the victim was carrying a gun. Lack of candor is an appropriate consideration for the trial court and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

Considering the nature of the offense and the defendant's negative rehabilitation potential, we find that the period of incarceration of ten (10) days in the

county jail is appropriate. It is, therefore, ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

In the event the defendant indicates an intention to file an application for permission to appeal to the Tennessee Supreme Court, he may be admitted to bail in the additional amount of $2,500, for a total bond amount of $5,000, with sufficient sureties to be approved by the clerk of the trial court pending filing and disposition of said application. In default of such bond, he shall be remanded to the custody of the Sheriff of Blount County. Costs of appeal will be paid by the State of Tennessee as it appears defendant is indigent.

 

**JERRY L. SMITH, JUDGE**

**CONCUR:**

**THOMAS T. WOODALL, JUDGE**

**WILLIAM B. ACREE, JR., SPECIAL JUDGE**

3